Plaintiff brought this action to recover damages for alleged false and fraudulent representations as to certain travelers checks which he purchased from the defendant bank, on or about June 7, 1923. There was a verdict for the plaintiff. The defendant moved for judgment notwithstanding the verdict, or for a new trial. The motion was denied and the defendant has appealed from the judgment and from the order denying its motion for judgment notwithstanding the verdict or for a new trial.
The sole question presented on the appeal is the sufficiency of the evidence. The facts are substantially as follows:
The defendant is a banking corporation, organized under the laws of this state, engaged in the banking business at New Salem, North Dakota. The plaintiff was about to make a trip to Germany, and, on June 7, 1923, he applied to the defendant for travelers checks issued by the American Bankers' Association, in the sum of $800. The cashier of the defendant bank informed the plaintiff that he (the bank) did not have for sale travelers checks issued by the American Bankers' Association; but that "he had some that were just as good and better," namely, travelers checks issued by Knauth, Nachod Kuhne, known as K, N K checks. The plaintiff stated that he knew nothing about *Page 813 
these checks and expressed some doubt as to the financial responsibility of the banking firm by whom they were issued. Thereupon the cashier of the defendant bank assured the plaintiff that these travelers checks "were absolutely good;" that they were as good as securities issued by the state of New York; that, "if the bank, Knauth, Nachod Kuhne goes broke the whole state of New York has to go busted." Plaintiff testified: "He (the cashier) said they were as good as they could be." "He said when I would get back and did not need them all, I could come back and be would cash them." The plaintiff cashed, in all, $80 worth of these travelers checks, which were paid, leaving $720 of travelers checks which plaintiff did not cash, or which were returned to him because of the insolvency of the banking firm by whom they were issued. The complaint of the plaintiff alleged, and the evidence adduced by him tended to prove, the facts to be as stated. The defendant, in its answer, admitted the sale of the travelers checks to the plaintiff; also, that the firm of Knauth, Nachod Kuhne subsequently became insolvent, but denied all other averments of the complaint. The cashier of the bank testified upon the trial. He admitted that the plaintiff asked for American Bankers' Association travelers checks; and that some conversion was had subsequent thereto, as the result of which the travelers checks in question were sold, for which the plaintiff paid the bank $802. He also admitted that the plaintiff asked him whether these checks were good. He denied, however, that he made the representations as regards these checks, testified by the plaintiff, and claims that he merely told him that, so far as he knew, they were good as they had been using them since he came there, and, so far, they had never had the least trouble with them; that they had sold them to people who had traveled all over the country and Europe and had never had the least trouble and that the bank issuing these checks was a world institution so far as he (the cashier) knew.
It is contended by the appellant that the evidence adduced by the plaintiff fails to establish a cause of action; that this court should hold, as a matter of law, that the representations testified to by the plaintiff were not representations of fact but were merely expressions of opinion — "puffing" or "sales talk" on the part of the cashier of the appellant bank. After careful consideration, we have reached the conclusion that the contentions of the appellant cannot be sustained. We must, *Page 814 
— of course, accept plaintiff's version of the transaction as that was the version believed by the jury. The trial court submitted the case to the jury under instructions which are not challenged. In these instructions the jury was informed as to the law relating to fraud. The jury was also instructed: "It is not every statement made which may be untrue that constitutes a fraud. The law recognizes that dealers in trade will puff up their property; that men are free with their opinions upon things and that they indulge when trading or when dealing with others in what is known as dealers' talk and conversation. These talks, these opinions and this puffing talk and dealers' talk, as it is sometimes called, do not constitute fraud because men are aware that people who are trading and dealing indulge in this sort of conversation."
Under the instructions and the evidence the jury must have found that the representations were made as testified to by the plaintiff; that these representations were made by defendant's cashier, as representations of fact and relied upon, and acted upon, by plaintiff as such; that such representations were false and that, as a result of relying and acting thereon, the plaintiff was injured in a sum equal to the amount of the verdict returned by the jury. In our opinion, the verdict of the jury has substantial support in the evidence.
The judgment and order appealed from are affirmed.
BIRDZELL, NUESSLE, BURR, and BURKE, JJ., concur.